UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



THERESA CHRONISTER,

    Plaintiff,

v.

MARKS & HARRISON, P.C.,

    Defendant.

Civil Action No. 3:11-CV-688

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Compel Arbitration and Dismiss Complaint or, in the Alternative, Motion to Stay (ECF No. 4) by Defendant Marks & Harrison, a Professional Corporation ("Marks & Harrison"). Marks & Harrison moves the Court to compel arbitration and dismiss Plaintiff Theresa Chronister's action for wrongful discharge under the Americans with Disabilities Act. The parties have not requested a hearing on this matter, and the Court finds that oral argument is unnecessary. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court GRANTS Defendant's Motion to COMPEL ARBITRATION and DISMISSES Plaintiff's Complaint.

### I. BACKGROUND

In September 2009, Defendant Marks & Harrison hired Plaintiff Chronister as a

1

legal assistant in its Fredericksburg office. Before commencing her employment, Plaintiff signed an Addendum to Employment Application ("Addendum"), which states in pertinent part:

> The undersigned applicant for employment with Marks & Harrison, A Professional Corporation (the "Corporation"), hereby acknowledges and agrees that any and all claims, controversies, disputes or causes of action arising out of or relating to the relationship between the Corporation and the undersigned, or any course of conduct between the Corporation and the undersigned, shall be resolved through mediation or, if unsuccessful, arbitration, pursuant to the terms and conditions of the Corporation's Dispute Resolution Agreement attached hereto . . . .

Section 3 of the Dispute Resolution Agreement ("DRA I") referenced therein provides that claims covered by the Addendum include, but are not limited to, "claims for discrimination (including but not limited to, . . . mental or physical disability, or medical condition or other characteristics protected by statute), [and] claims for wrongful discharge."

Additionally, on September 28, 2009, Plaintiff signed a second Dispute Resolution Agreement ("DRA II"), which reiterates the Plaintiff and Defendant's mutual agreement to resolve disputes through alternative dispute resolution, including mandatory final binding arbitration. Under the arbitration agreements, which state identical terms, the parties are to utilize a "mediator who is affiliated with the McCammon Group, located in Richmond, Virginia, where the mediation shall take place," *see* DRA I ¶ 1; DRA II ¶ 1, and "share equally all administrative fees and the arbitrator's fees and expenses," *see* DRA I ¶ 2(d); DRA II ¶ 2(d).

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, requires courts to enforce "a wide range of written arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (declaring that the FAA reflects a policy "favoring arbitration agreements"). The FAA provides that an agreement to arbitrate a dispute arising from a transaction involving commerce is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2. The FAA governs employment contracts. *Adams*, 532 U.S. at 119 (excepting those involving transportation workers).

A party may compel arbitration under the FAA if it shows that (1) a dispute exists between the parties; (2) the parties formed a written agreement to arbitrate that "purports to cover the dispute"; (3) the transaction "evidenced by the agreement" is related to interstate or foreign commerce; and (4) that the other party failed, neglected, or refused to arbitrate the dispute. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)). A court may dismiss or stay a suit that is governed by the FAA. 9 U.S.C.A. § 3; *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (noting that a court may dismiss a suit if all of the claims in the suit are arbitrable).

A. Parties' Arguments

Plaintiff does not dispute that Defendant satisfies each of the necessary prongs to compel arbitration. Rather, Plaintiff argues that the arbitration agreements entered into by the parties are unenforceable because they violate Due Process by requiring Plaintiff to pay

large arbitration fees that she is unable to pay. Plaintiff acknowledges that under the agreements the parties are to split the costs of arbitration, but estimates incurring a minimum of $37,500.00 in fees if the parties undergo alternative dispute resolution as set forth by the agreements.[1] Plaintiff contends arbitration would cause her a substantial financial burden, as the estimated cost is higher than her annual salary. Hence, Plaintiff argues that "the expenses of arbitration w[ould] prohibit her from effectively vindicating her rights," and therefore, "[t]the burden now shifts to Defendant to show that the cost of arbitration is not prohibitively expensive." (Pl.'s Opp. Def.'s Mot. Compel & Dismiss ("Pl.'s Opp'n") 8.)

Further, Plaintiff avers that limitations on discovery under the arbitration agreements render the agreements unenforceable. Under the agreements, arbitration proceedings are to be conducted under the rules of the McCammon Group whose rules state that "there is 'no discovery' or that 'limited discovery' will be permitted 'at the discretion of the arbitrator.'" (Pl.'s Opp'n 8.) Plaintiff argues that because

> every document [she] wishes to seek in discovery, every interrogatory, and every deposition needed will have to be the subject of a motion filed pretrial with detailed justification to get the arbitrator to 'permit' it[,] ... the costs of discovery itself and ... the costs of the arbitrator [increase] exponentially.

(Pl.'s Opp'n 8.) Plaintiff asserts that the litigation process is more conducive to the circumstances of the case based on the necessary discovery. Plaintiff further asserts that the witnesses in the case are Defendant's employees, with whom she is precluded from *ex parte* contact, thereby requiring depositions. Moreover, certain records and documents Plaintiff needs to fairly support and present her claims are in Defendant's sole possession.

---

[1] Plaintiff asserts that based on the circumstances of the case, the McCammon Group's fee is $375 per hour.

4

Because the arbitral forum cannot accommodate necessary discovery without substantial expense, Plaintiff argues that the arbitration agreements run afoul one of the FAA's primary goals—"providing a suitable alternative forum for plaintiff's claims." (Pl.'s Opp'n 10.)

In its reply, Defendant states that despite its belief that the arbitration agreements are enforceable, it makes the following stipulation: "Marks & Harrison hereby offers to pay all of the Plaintiff's expenses of arbitration (excluding attorneys' fees and costs) which are not otherwise reduced or waived by the McCammon Group and/or the American Arbitration Association in this matter." (Def.'s Rebuttal Supp. Mot. Compel & Dismiss ("Def.'s Rebuttal") 2.) Defendant also attaches to its reply brief a copy of a letter dated December 29, 2011, indicating that it has communicated its stipulation to Plaintiff. Defendant, therefore, argues that "any argument suggesting that the costs of arbitration fail to provide an adequate and accessible forum," is rendered moot. (Def.'s Rebuttal 2.) Defendant also argues that Plaintiff's discovery-related argument should fail as courts have recognized the efficiency and cost-effectiveness of arbitration proceedings, with a key factor being limited discovery.

B. Analysis

"[A] party seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000); *Bradford v. Rockwell Semiconductor Sys.*, 238 F.3d 549, 557 (4th Cir. 2001). Here, although Plaintiff has set forth some evidence that arbitration would be financially burdensome, Defendant's offer to pay the costs of arbitration renders moot Plaintiff's argument that arbitration is prohibitively expensive; Plaintiff cannot show a likelihood of incurring such

costs. *See Rivera v. Thomas*, 316 F. Supp. 2d 256, 258 (D. Md. 2004). ("Defendants' offer to pay all expenses of arbitration ... rendered moot any contentions by Plaintiff that the potential costs of that legal forum were prohibitive."). *See also Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 300 (5th Cir. 2004); *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 557 (7th Cir. 2003) ("[T]he fact that [the defendants] agreed to pay *all* costs associated with arbitration forecloses the possibility that the [plaintiffs] could endure any prohibitive costs in the arbitration process.); *Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 56 (1st Cir. 2002).

Plaintiff's argument with respect to limited discovery in the arbitral forum which focuses a great deal on the anticipated costs is also rendered moot by Defendant's stipulation. Moreover, it is well established that "[w]hen contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial. One of these accoutrements is the right to pre-trial discovery." *Burton v. Bush*, 614 F.2d 389, 390 (4th Cir. 1980) (internal citations omitted). As Defendant points out, "a hallmark of arbitration—and a necessary precursor to its efficient operation—is a limited discovery process." *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 276 (4th Cir. 1999); (Def.'s Rebuttal 4). Therefore, it is to be expected that arbitration permits only a limited discovery process. Plaintiff agreed to arbitration, and as the party seeking to avoid arbitration, has failed to show that the arbitration agreements prevent her from "vindicating [her] ... cause of action in the arbitral forum." *See Green Tree*, 531 U.S. at 90. Accordingly, the Court grants Defendant's motion to compel arbitration.

### III. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to COMPEL ARBITRATION and DISMISSES WITH PREJUDICE Plaintiff's Complaint.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

/s/
James R. Spencer
United States District Judge

ENTERED this __21st__ day of March 2012.